Opinion filed July 16, 2026



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00039-CR

_____

## DAVID BRYAN WINTERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 011032**

## MEMORANDUM OPINION

Appellant filed a pro se notice of appeal from the trial court's final order in a Chapter 64 proceeding. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2018). In this appeal, Appellant does not challenge the trial court's implied findings under Article 64.04. *See id.* art. 64.04; *Dunning v. State*, 572 S.W.3d 685, 692 (Tex. Crim. App. 2019). Instead, Appellant contends that his due process rights were violated because: (1) the trial court failed to order that other items of evidence—namely the DNA of Appellant's biological son—be tested for DNA comparison pursuant to Article 64.01; and (2) the trial court did not provide Appellant

with "a copy of the DNA testing results and all laboratory files" pursuant to "[Article] 64.03(c)" and "Rule 702 of the Texas Rules of Evidence." *See id.* arts. 64.01, .03; TEX. R. EVID. 702. We affirm.

## I. *Factual Background*

In 2016, Appellant was convicted by a jury of continuous sexual abuse of a young child, a first-degree felony, and sentenced, in accordance with the terms of a plea agreement, to thirty years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 21.02(b), (h) (West 2026). Because Appellant waived his right to appeal, we dismissed his direct appeal. *See Winters v. State*, No. 11-16-00238-CR, 2016 WL 5853192, at *1 (Tex. App.—Eastland Oct. 6, 2016, pet. ref'd) (per curiam) (mem. op., not designated for publication). As relevant to this appeal, the physical evidence presented at Appellant's trial included a "piece of brown carpet" that was obtained from the victim's bedroom and buccal swabs secured from Appellant.

In November 2023, Appellant, through his counsel, filed a postconviction motion pursuant to Article 64.01 and requested additional DNA testing; the motion was supported by a declaration from Appellant and an affidavit from his biological son. *See* CRIM. PROC. art. 64.01. Appellant's motion asserted that "a convicting court may order forensic testing [under Chapter 64] only if the evidence still exists, is in a condition making DNA testing possible, was secured in relation to the charged offense, and was in the State's possession during [Appellant's] trial." *See* CRIM. PROC. arts. 64.01, .03.

In his motion, Appellant argued that additional forensic DNA testing was required because the DNA samples obtained by the State during its investigation of the indicted offense belonged to his biological son. In his declaration, Appellant's son stated that he "stayed in the same bedroom" as the victim and that he would masturbate in the room onto the floor and "mix [the semen] in the carpet with [his]

foot." Specifically, Appellant requested in his motion that the trial court grant forensic DNA testing of the following physical evidence: the carpet and "the swabs associated with the carpet and the Sexual Assault Kit."

The State filed a response to Appellant's motion. *See* Crim. Proc. art. 64.02. On April 23, 2024, the trial court granted Appellant's postconviction motion and ordered additional forensic testing for "the carpet and Winters' DNA sample." After this DNA testing, the trial court conducted a hearing on January 8, 2025. *See id.* art. 64.04. Importantly, Appellant's counsel made the following statements to the trial court during the January 8 hearing: "Unfortunately, the statute does not permit testing of [Appellant's] son's [DNA] because that was not evidence in [the] possession of the State at the time. However, the testing does corroborate . . . that there is a third party of semen present [at the scene]." Upon further questioning by the trial court regarding whether the DNA results showed that the semen in the carpet belonged to Appellant, Appellant's trial counsel stated that the results could not distinguish between Appellant and his direct descendants and reiterated that Chapter 64 does not allow testing of Appellant's son's DNA under these circumstances. On January 29, the trial court denied all relief requested by Appellant.

## II. *Standard of Review*

We review a trial court's ruling on a motion for DNA testing under a bifurcated standard of review. *Skinner v. State*, 665 S.W.3d 1, 16 (Tex. Crim. App. 2022); *see also Wood v. State*, 693 S.W.3d 308, 327–28 (Tex. Crim. App. 2024), *cert. denied*, 145 S. Ct. 1183 (2025); *Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In reviewing a trial court's ruling on a Chapter 64 motion, we give almost total deference to the trial court's findings of historical facts and application of the law to the facts that turn on witness credibility and demeanor. *Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017); *Ex parte*

3

*Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011); *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008). We review mixed questions that do not turn on credibility and demeanor and all questions of law de novo. *Dunning*, 572 S.W.3d at 692; *McCoy v. State*, No. 11-11-00179-CR, 2013 WL 2406550, at *2 (Tex. App.—Eastland May 30, 2013, no pet.) (mem. op., not designated for publication). When, as here, the trial court does not make separate findings, we imply the findings necessary to support the trial court's ruling if they are reasonably supported by the record. *Dunning*, 572 S.W.3d at 692.

## III. *Analysis*

On appeal, Appellant argues that the trial court violated his due process rights. As a threshold matter, the State contends, and we agree, that Appellant did not preserve his constitutional due process challenge for appellate review. In general, to preserve error for appellate review, a party must make a timely motion, objection, or request to the trial court, state the specific grounds for the motion, objection, or request, and in turn obtain a ruling. TEX. R. APP. P. 33.1(a). Further, the complaints and arguments raised on appeal must comport with and correspond to the arguments and objections that the complaining party made, if any, at trial or they are waived. TEX. R. APP. P. 33.1(a)(1)(A); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); *Arevalo v. State*, 675 S.W.3d 833, 844–45 (Tex. App.—Eastland 2023, no pet.).

The Court of Criminal Appeals has held that there is no substantive due process right to postconviction DNA testing. *Gutierrez*, 337 S.W.3d at 889; *see also Ex parte Mines*, 26 S.W.3d 910, 914 (Tex. Crim. App. 2000). In this case, Appellant claims, for the first time on appeal, that the trial court violated his due process rights by not "abid[ing] – the Motion that [the trial court] granted," which he contends "specifically request[ed] the DNA testing of [his] biological son." However,

4

Appellant did not request in his motion that his biological son's DNA be tested, nor did he (1) object to the trial court's failure to order such testing, (2) assert any due process claim, or (3) otherwise present his now complained-of error to the trial court at the January 8 hearing. Appellant also did not complain to the trial court that the forensic test results were not served on him; rather, the record shows that Appellant's counsel offered the lab report at the hearing.

Therefore, because Appellant did not present these arguments to the trial court for consideration, his appellate complaints present nothing for our review. *See* TEX. R. APP. P. 33.1(a); *see Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) ("[C]onstitutional claims are subject to the preservation requirement and therefore must be objected to [in] the trial court . . . to preserve error."); *see also Sepeda v. State*, 301 S.W.3d 372, 374 (Tex. App.—Amarillo 2009, pet. ref'd) (holding that constitutional claims of due process under Article 64.02 may be waived) (citing *Adams v. State*, 132 S.W.3d 701, 701–02 (Tex. App.—Amarillo 2004, no pet.)); *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that "[c]onstitutional rights, including the rights of due process . . . may be waived if the proper request, objection, or motion is not asserted in the trial court"); *In re Taylor*, No. 03-21-00553-CR, 2022 WL 14989478, at *3 (Tex. App.—Austin Oct. 27, 2022, no pet.) (mem. op., not designated for publication); *In re Robertson*, No. 03-19-00282-CR, 2021 WL 1312589, at *7 (Tex. App.—Austin Apr. 8, 2021, no pet.) (mem. op., not designated for publication) (holding that a due process claim which raised an "as applied" constitutional challenge was not preserved).

Nevertheless, we conclude that the trial court did not violate Appellant's due process rights, as he contends. As to his first complaint, Article 64.01 specifies that a person convicted of an offense may request DNA testing "only of evidence described by Subsection (a-1) that was secured in relation to the offense that is the

basis of the challenged conviction and was in the possession of the [S]tate during the trial of the offense." *Wood*, 693 S.W.3d at 328 (quoting CRIM. PROC. art. 64.01(b)). Subsection (a-1) refers to "evidence that has a reasonable likelihood of containing biological material," and subsection (a) defines "biological material" as "an item that is in possession of the [S]tate." *Id.* (quoting CRIM. PROC. arts. 64.01(a-1), (a)). However, a convicted person cannot require the State to collect biological material that it does not already possess, and the State cannot be required to collect DNA samples for testing from an alternative suspect. *Wood*, 693 S.W.3d at 329.

Here, the trial court was not obligated to order forensic DNA testing for items of evidence which were beyond the scope of "biological material," as that term is defined in Chapter 64, such as the DNA of Appellant's son. *See Jones v. State*, 161 S.W.3d 685, 688 (Tex. App.—Fort Worth 2005, pet. ref'd). Therefore, the trial court did not err in "failing" to order "the DNA testing of [Appellant's] biological son."[1]

---

[1]Appellant asserts that "the State only 'muddied the water' by retesting [Appellant], a profile they already had and needed only to compare to his biological son." To the extent that Appellant, through this due process complaint, seeks habeas relief under the guise of a DNA testing appeal, we cannot address it because this request is beyond the scope of Chapter 64. *See* CRIM. PROC. art. 64.05. Chapter 64 is a narrow procedural vehicle that authorizes (1) DNA testing in cases in which the applicant meets the requirements of the statute, and (2) obtaining evidence "which might then be used in a state or federal habeas proceeding." *See Weems v. State*, 550 S.W.3d 776, 781 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (quoting *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005)); *Steptoe v. State*, No. 14-19-00881-CR, 2021 WL 1184501, at *3 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, no pet.) (mem. op., not designated for publication). Thus, a Chapter 64 appeal "does not confer jurisdiction on an appellate court to consider 'collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles.'" *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.) (quoting *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd)); *see Weems*, 550 S.W.3d at 781.

In other words, the remedy in a Chapter 64 proceeding is limited to obtaining DNA evidence and findings based on any DNA test results; appellate jurisdiction is not conferred to review anything beyond the scope of the statute. *See Wood*, 693 S.W.3d at 327. Thus, because Appellant does not seek forensic DNA testing of defined "biological material" but, instead, only sought to obtain evidence which was not in the State's possession at the time of trial—which is outside the scope of Chapter 64—we may not consider his first due process complaint to the extent that he seeks postconviction habeas relief on that ground. *See Wilson v. State*, 644 S.W.3d 761, 763 n.1 (Tex. App.—Austin 2022, no pet.); *Johnson v. State*, No. 14-02-00663-CR, 2003 WL 1988593, at *2 (Tex. App.—Houston [14th Dist.] May 1, 2003, no pet.) (not designated for publication).

As to the service of the DNA test results and related data, Appellant asserts that "the trial court erred in failing to provide [him] with a copy of the DNA testing results and all laboratory files associated with the testing results." Article 64.03(d)(3) provides that, if the trial court orders that the "DNA testing be conducted by a laboratory other than a Department of Public Safety [DPS] laboratory or a laboratory under contract with the department," the trial court's order shall include the "requirements that . . . on completion of the DNA testing, the results of the testing and all data . . . be immediately filed with the court and copies of the results and data be served on the convicted person and the attorney representing the [S]tate." CRIM. PROC. art. 64.03(d)(3). Nothing in the record indicates whether the testing agency, the Forensic Laboratory Services of the Tarrant County Medical Examiner's Office, was under contract with DPS. Therefore, we cannot determine whether Article 64.03(d)(3) applies, based on this record. Nevertheless, the test results were provided to all parties including Appellant's counsel, the requestor of the report and Appellant's representative in the Chapter 64 proceedings, who presented the lab report to the trial court during the hearing.

Accordingly, we overrule Appellant's issues on appeal.

## IV. *This Court's Ruling*

We affirm the order of the trial court.

W. STACY TROTTER

JUSTICE

July 16, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

7